SCHENECTADY HOLDING COMPANY, INC., Appellant and Respondent, *v.* EDWARD B. ASHTON, Respondent and Appellant, Impleaded with Another.

*Corporations — directors — real property — trust — action to obtain decree that purchase of real property by director of corporation was made by him as trustee and that he be compelled to deliver deed upon payment of purchase price.*

*Schenectady Holding Co., Inc.,* v. *Ashton,* 217 App. Div. 705, modified.

(Argued January 13, 1927; decided February 23, 1927.)

CROSS-APPEALS from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered May 21, 1926, modifying and affirming as modified a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term without a jury. The action was brought in equity, by plaintiff, a corporation, invoking a decree to the effect that the purchase by one of its directors of certain real property in the city of Schenectady, be held to have been made by him as trustee for the corporation, and that he be compelled to execute and deliver a deed upon payment of the purchase price advanced. In the trial court this general relief was granted. The Appellate Division modified to the extent of allowing the defendant interest upon advances made for insurance, taxes, etc. Pursuant to an order of Special Term and as a condition to an injunction *pendente lite,* plaintiff had deposited with the Citizens Trust Company of Schenectady a sum equal to the rent it would have been required to pay to defendant under its lease if defendant was the true owner of the premises in suit.

*James A. Leary* for plaintiff, appellant and respondent.

*Lawrence B. McKelvey* for defendant, respondent and appellant.

*Per Curiam.* The plaintiff is not entitled to the moneys deposited in the Citizens Trust Company of Schenectady unless it becomes entitled to a deed of the premises by

payment of the amount directed in the judgment of the Appellate Division within the time limited by the judgment. Otherwise the defendant will be entitled to receive and hold these moneys. If the trust company has paid out these moneys in accordance with the terms of the judgment, then the defendant may look to the plaintiff for restitution. The judgments of the Appellate Division and the Supreme Court as modified thereby should be further modified to the extent that it be adjudged, that upon payment to the defendant of the amount directed within thirty days after notice of entry of judgment herein and delivery of deed to the plaintiff, the plaintiff shall be entitled to have and possess the moneys deposited by it in the Citizens Trust Company pursuant to the order of the court at Special Term made December 9th, 1922, and entered in Schenectady county clerk's office January 2d, 1923 (which moneys amounted approximately on December 1st, 1924, to $63,525.24), together with all increases thereof, on account of any further deposits and interest, credits and accruals. If such payment be not made by the plaintiff within the said time, then the defendant shall be entitled to retain title to the premises, and shall have and possess the sums so deposited. Upon proof of delivery of the deed to it, the plaintiff may apply to the Supreme Court for an order directing the Citizens Trust Company of Schenectady, New York, to pay over to it any moneys then on deposit with it. Upon proof that the plaintiff has failed to make the payments to the defendant directed by the judgment within thirty days after notice of entry thereof, the defendant may apply to the Supreme Court for an order directing the Citizens Trust Company of Schenectady, New York, to pay over to him any moneys then on deposit with it, and directing the plaintiff to pay to the defendant any moneys withdrawn from such deposit account pursuant to the original judgment and not returned by it. The judgment of the Appellate

Prepared by State Reporter from Appeal Papers

Division and that of the Special Term should be modified in accordance herewith and as modified affirmed, without costs to either party.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS and LEHMAN, JJ., concur; KELLOGG, J., not sitting.

Judgment accordingly.